# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                    Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 10)**

Before the Court is a Motion to Remand filed by Plaintiff Theodore R. Foster III. (Mot., Doc. 10; Mem., 10-1.)  Defendant opposed, and Plaintiff replied.  (Opp., Doc. 20; Reply, Doc. 21.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for July 30, 2021 at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Having considered the parties' briefs and for the reasons below, the Court GRANTS the Motion and REMANDS this action to Orange County Superior Court.

## I.   BACKGROUND

Plaintiff Theodore R. Foster III ("Foster") worked for Defendant Mr. Crane, Inc., ("Mr. Crane") beginning in April 1996 and until he was terminated on June 25, 2020. (Compl., Doc. 5-1, ¶ 12.)  Foster was 59 years old when he was terminated, and he alleges that Mr. Crane replaced him with a young employee in his twenties who had inferior qualifications to and less experience than him.  (*Id*.)

On December 18, 2020, Foster initiated this action in Orange County Superior Court, alleging the following twelve state-law claims against Mr. Crane and his former supervisor, Chris Deppe ("Deppe") (collectively, "Defendants"): (1) Age Discrimination (Cal. Gvt. Code section 12940(a)); (2) Disability Discrimination (Cal. Gvt. Code section 12940(a)); (3) Failure to Engage in the Interactive Process and Provide Reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                               Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

Accommodations (Cal. Gvt. Code section 12940(m, n)); (4) Retaliation (Cal. Gvt. Code section 12940(h)); (5) Harassment (Cal. Gvt. Code 12940(j)); (6) Failure to Prevent Discrimination, Harassment and Retaliation (Cal. Gvt. Code section 12940(k)); (7) Unlawful Termination in Violation of Public Policy; (8) Whistleblower Retaliation (Cal. Labor Code section 1102.5); (9) Unpaid Wages (Cal. Labor Code section 510 and 1194); (10) Failure to Provide Meal Breaks (Cal. Labor Code section 512); (11) Reimbursement of Business Expenses (Cal. Labor Code section 2802); and (12) Waiting Time Penalties (Cal. Labor Code section 203).

On February 9, 2021, Defendants removed the action to this Court, stating that a federal question exists pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) ("Section 301").  (Notice of Removal ("NOR"), Doc. 1, ¶ 8.)  Specifically, Defendants aver that at the time of his termination, Foster's employment was governed by a collective bargaining agreement between the Mobile Crane Operators Group, Inc., and the Union ("CBA").  (NOR ¶ 3.)  According to Defendants, two of Plaintiff's twelve claims—the age discrimination claim (claim 1) and the claim for failure to provide meal breaks (claim 10)—require the Court to reference the CBA and are therefore preempted by the LMRA and subject to exclusive federal jurisdiction.  (*Id.* ¶¶ 4–5.)

Foster now moves to remand this action to Orange County Superior Court.  (*See* Mot.)

##  II.   <u>LEGAL STANDARD</u>

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. §§ 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand."  *Langston v. 20/20 Companies, Inc.*, No. EDCV 14–1360 JGB (SPx), 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                                    Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. However, "there is a corollary to the well-pleaded complaint rule under the complete preemption doctrine, applied primarily under § 301 of the LMRA." *Stearns v. Davis Wire Corp.*, Case No. 2:16-cv-02401-CAS(MRWx), 2016 WL 3008167, at *2 (C.D. Cal. May 23, 2016) (quotation marks omitted) (citing *Lopez v. Fox Television Animation, Inc.*, 76 Fed. Appx. 769, 771 (9th Cir. 2003)).

Under this exception, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. "Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Id.* at 394. "[A]n application of state law is preempted by [Section 301] . . . only if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). Thus, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. *Livadas v. Bradsaw*, 512 U.S. 107, 124 (1994). "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001). "[D]efensive reliance on the terms of the CBA . . . will not suffice to preempt a state law claim." *Humble v. Boeing Co.*, 305 F. 3d 1004, 1008 (9th Cir. 2002) (citing *Cramer*, 255 F.3d at 691–92). Further, Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Lividas*, 513 U.S. at 123.

"These principles have been distilled by the Ninth Circuit into a three-prong test:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                           Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

---

> In deciding whether a state law is preempted under section 301 . . . a court must consider: (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.'"

*Padilla v. Pacific Bell Telephone Co.*, No. CV 14–09760 DDP (JPRx), 2015 WL 728695, at *2 (C.D. Cal. Feb. 19, 2015) (citing *Miller v. AT&T Network Sys.*, 850 F.2d 543, 548 (9th Cir. 1988)).

## III.   **DISCUSSION**

In support of remand, Foster stipulates to dismiss his meal break claim—one of the two claims Defendants cite as being preempted by the LMRA.  (Mem. at 6.)[1]  As to the other claim, which alleges age discrimination, Foster argues that it relies exclusively on California state law, does not arise out of or require interpretation of the collective

---

[1] If the meal break claim is preempted by the LMRA, then the Court had federal question jurisdiction over that claim at the time of removal and has the discretion to exercise supplemental jurisdiction over the remaining claims.  Having dismissed the meal break claim, Foster does not brief whether it is preempted.  Nevertheless, even assuming the claim gave rise to federal question jurisdiction, the Court would decline to exercise supplemental jurisdiction over the remaining state-law claims now that the meal break claim is dismissed; therefore, that claim does not stand in the way of remand.  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                          Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

bargaining agreement ("CBA"), and is therefore not preempted by the LMRA.  (*Id*.)  The
Court agrees.

As Foster correctly notes, in *Gibson v. MV Transportation, Inc*., 2018 WL
6634323 (C.D. Cal. Dec. 19, 2018), this Court granted a motion to remand on similar
facts.  There, plaintiff asserted state-law claims for disability discrimination and failure to
accommodate under California's Fair Employment and Housing Act ("FEHA").  *Id.*
at *1.  Defendant removed, arguing that interpretation of the CBA and the related
grievance settlement agreement was necessary to determine whether the termination was
non-discriminatory.  *Id*.  This Court found that, even assuming *Miller*'s first prong was
met, defendant could not show that *Miller*'s second and third prongs were satisfied.  *Id*. at
*2.  The Court explained: "FEHA is a clear and well-established statute whose provisions
apply with equal force whether there is a collective bargaining arrangement or not, and
the Ninth Circuit has repeatedly held that its provisions are not subject to being
contracted away."  *Id.* (citing, among others, *Jimeno v. Mobil Oil Corp*., 66 F.3d 1514,
1527 (9th Cir. 1995)).  The Court therefore remanded the matter to state court, holding
that "even assuming that Defendant fully complied with the CBA and the Settlement
Agreement in terminating Plaintiff, this has 'little bearing' on whether Defendant
unlawfully discriminated against Plaintiff in violation of the FEHA."  *Gibson*, 2018 WL
6634323, at *4 (C.D. Cal. Dec. 19, 2018) (citing *Stearns v. Davis Wire Corp.,* 2016 WL
3008167, at *7 (C.D. Cal. May 23, 2016) ("[E]ven a finding by the Court that defendant
had 'sufficient and proper cause' under the CBA to discharge plaintiff would have little
bearing on whether any such discharge nonetheless violated California public policy
proscribing termination on certain prohibited grounds.")).

Further, in *Gibson*, the Court distinguished *Audette v. International
Longshoremen's & Warehousemen's Union, Local 24*, 195 F.3d 1107 (9th Cir. 1999)—a
decision that Defendants here, like the defendant in *Gibson*, rely on heavily.  In *Audette*,
plaintiff had entered into a settlement agreement with the union and sued alleging that the
union discriminated against her in failing to perform the agreement, with incorporated
terms of the CBA.  The court held that the plaintiff's FEHA claim was preempted by
Section 301 because the "case [did] not involve a free-standing claim of discrimination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                    Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

Rather, the claim turns on whether defendants' alleged failure to perform the settlement agreement was motivated by retaliation or discrimination." *Audette*, 195 F.3d at 1113. Here, as in *Gibson*, however, Foster is bringing a free-standing discrimination claim. Indeed, Foster asserts no claim for breach of the CBA or any other agreement with Mr. Crane or the union, and alleges only discrimination in violation of California law.

In their Opposition, Defendants acknowledge that for LMRA preemption to apply, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim," (Opp. at 10 (citing *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)), and that "LMRA removal generally cannot be based on a defense to an independent state law claim [.]" (Opp. at 10 (citing *Humble v. Boeing Co.*, 305 F.3d 1004, 1011–12 (9th Cir. 2002)). Defendants nevertheless argue that LMRA preemption applies here because they plan to argue that Mr. Crane had a non-discriminatory motive for hiring younger employees and the Court has to interpret the CBA and associated documents to determine whether Mr. Crane had a "legitimate nondiscriminatory basis" to hire younger, less experienced employees to perform Foster's work. (Opp. at 12.) Specifically, Defendants point out that the CBA requires Mr. Crane to maintain an apprenticeship program, and that, because apprentices are usually young and have little to no relevant work experience, the apprentice program provides a "legitimate nondiscriminatory reason" for Mr. Crane's hiring of younger workers. (*Id*.)

However, Defendants cite no provision of the CBA that a court would need to *interpret* to decide Foster's discrimination claims. Rather, Defendants' argument establishes only that they intend to rely on an apprenticeship program that happens to exist by virtue of the CBA in arguing that Mr. Crane had a non-discriminatory motive. But "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 690–91 (9th Cir. 2001), as amended (Aug. 27, 2001) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)).

Accordingly, the Court finds that Foster's claims are not preempted by Section 301 and thus remand is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00264-JLS-DFM                                 Date: July 26, 2021
Title: Theodore R. Foster III v. Mr. Crane et al

      In his Motion to Remand, Foster also requests an award of fees for Defendants' improper removal. (Mem. at 17–18.)  The removal statute permits the Court, upon remand, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, while the cases upon which Defendant relies to argue for removal are distinguishable, Defendants' "reliance on them was not objectively unreasonable." *See Calvillo v. AbbVie, Inc.*, Case No. SACV 14-1331-JLS (DFMx), 2014 WL 12561045, at *3 (C.D. Cal. Sept. 29, 2014).  Moreover, Foster dismissed his meal break claim and the Court therefore did not analyze whether that claim provided the Court with federal question jurisdiction at the time of removal. Foster's request for fees is therefore denied.

## IV.    <u>CONCLUSION</u>

      For the foregoing reasons, the Court GRANTS Plaintiff's Motion.  Plaintiff's meal break claim (claim 10) is DISMISSED.  The matter is remanded to the Superior Court of State of California, County of Orange, 30-02020-01175279-CU-CE-CJC

Initials of Deputy Clerk:  mku